Roberto GARCIA-ROSALES, AKA Javier Chavez, AKA Raul Juarez Martinez, AKA Roberto Rosales-Piedra, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 15-72222

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Jeffrey D. Gold, The Law Offices of Jeffrey D Gold, Norwalk, CA, for Petitioner

Robbin Kinmonth Blaya, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Roberto Garcia-Rosales, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying Garcia-Rosales' motion to reopen as untimely, where he filed the motion more than ten months after his final order of removal, and failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See* 8 C.F.R. § 1003.2(c)(2); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) (*Lozada* compliance required to qualify for equitable tolling of the filing deadline based on ineffective assistance of counsel); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

Because the timeliness determination is dispositive, we do not consider Garcia-Rosales' remaining contentions regarding the alleged ineffectiveness of prior counsel or his eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Garcia-Rosales' request to stay his removal is denied as moot. The currently effective temporary stay of removal will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.